IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | CR-96-12-H-CCL-01 |
| Plaintiff, | CR-96-15-H-CCL-01 |
| vs. | |
| MIKEAL JAMES MAVRINAC, | **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| Defendant. | |

**I.  Status**

Defendant, Mr. Mavrinac, was convicted of Bank Robbery and Conveying False Information and was sentenced on August 13, 1996, by the Honorable Charles C. Lovell, Senior U.S. District Judge, to 64 months incarceration with

three years supervised release. Mr. Mavrinac has a history of violations of the conditions of his supervised release, the majority of which are alcohol related. Most recently, Mr. Mavrinac began serving his term of supervision on July 15, 2011, and reported to U.S. Probation he had consumed alcohol on July 18, 2011 in violation of special condition 6 of his supervised release. Upon petition of the United States Probation Officer and his supervisor requesting Mr. Mavrinac's supervised release be revoked and upon a finding of probable cause to do so, the undersigned issued an arrest warrant for Mr. Mavrinac. (C.D. 75). Judge Lovell referred the petition to the undersigned for hearing, findings, and recommendation on July 22, 2011. (C.D. 80).

## II.     Revocation Hearing

Mr. Mavrinac's revocation hearing was held in Great Falls, Montana, on July 26, 2011. (C.D. 81). Mr. Mavrinac pled true to the revocation petition. The Court informed the parties the guideline calculations were 0 months and no supervised release for CR-96-12 and 3 months incarceration with no supervised release for CR-96-15. The Court recommended a sentence of 3 months incarceration with no supervised release to follow. There was no objection from Mr. Mavrinac or the United States to this recommendation. Mr. Mavrinac was given the opportunity to allocute, and he apologized for wasting the government's

resources by again violating his supervised release, and stated that he intended to enter an alcohol rehabilitation program following his release.  Mr. Mavrinac was informed he was required to object to the Findings and Recommendations within 14 days if he wished to preserve his right to appear and allocute before Judge Lovell.

Based upon Mr. Mavrinac's admission, the Court makes the following

**FINDING:**

1.  Mr. Mavrinac violated standard condition #6 of his supervised release by consuming alcohol on July 17, 2011.

It is thus **RECOMMENDED:**

1.  Mr. Mavrinac's term of supervised release be revoked.

2.  The Court adopt as its Judgment the attached Judgment in a Criminal Case (For Revocation of Probation on Supervised Release) in its entirety.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Mavrinac may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls

under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED this 28th day of July, 2011.

/s/Keith Strong
Keith Strong
United States Magistrate Judge